United States Court of Appeals,

Fifth Circuit.

No. 95-30678.

Charles Ray TAYLOR, Plaintiff-Appellant,

v.

PERRIN, LANDRY, deLAUNAY & DURAND, Allan L. Durand and USI
Financial Services, Inc., Defendants-Appellees.

Jan. 29, 1997.

Appeal from the United States District Court for the Middle
District of Louisiana.

Before GARWOOD, EMILIO M. GARZA and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

This is a review of the district court's summary judgment
dismissing a suit by Charles Ray Taylor against Perrin, Landry,
deLaunay & Durand (PLdD), Allan L. Durand, and USI Financial
Services, Inc. (USI) under the Fair Debt Collection Practices Act
(FDCPA), 15 U.S.C. § 1692 *et seq.* We reverse and remand the case
to the district court for further proceedings.

1.

The Fair Debt Collection Practices Act (FDCPA) was enacted "to
eliminate abusive debt collection practices by debt collectors, to
insure that those debt collectors who refrain from using abusive
debt collection practices are not competitively disadvantaged, and
to promote consistent State action to protect consumers against
debt collection abuses." 15 U.S.C. § 1692(e). Congress found that
existing state and federal laws were inadequate to fully address
the problem caused by debt collectors using unfair or deceptive

1

practices. These abuses contributed to personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. § 1692(a); *see* TANG THANH TRAI LE, PROTECTING CONSUMER RIGHTS § 10.15 (1987).

The Act applies principally to "debt collectors". There are several ways a person may act as a "debt collector" or otherwise become subject to the provisions of the FDCPA. In its primary definition, the term "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The term does not ordinarily include creditors who, directly or indirectly, try to collect debts owed them. The Act specifically provides, however, that "debt collector" does include any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. 15 U.S.C. § 1692a(6); LE, § 10.16.

Further, the FDCPA provides that it is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

2

15 U.S.C. § 1692j(a). Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable for failure to comply with a provision of the Act. 15 U.S.C. § 1692j(b).

The FDCPA prohibits debt collectors from, *inter alia,* using any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C. § 1692e, including but not limited to the false representation or implication that any individual is an attorney or that any communication is from an attorney. § 1692e(3).

Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for any consequential damage actually sustained, such additional damages as the court may allow up to $1,000, and, in the case of a successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee. On the other hand, the court may award reasonable attorney's fees to the defendant if the plaintiff brought the action in bad faith. 15 U.S.C. § 1692k.

2.

In making factual findings and drawing inferences from the appropriate filings by the parties in connection with the motion for summary judgment, we consider them de novo in the light most favorable to the nonmoving party. *See Neff v. American Dairy Queen Corp.,* 58 F.3d 1063, 1065 (5th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 704, 133 L.Ed.2d 660 (1996). Applying these

3

principles, we consider the district court's summary judgment in the context of the following background of material facts determined from the record.

USI loaned Taylor money to pay his automobile insurance premiums.  Taylor failed to pay the debt timely.  After Taylor failed to respond to USI's direct attempts to collect, USI sent him an "attorney demand letter," which appeared substantially as follows:

CA (97) 242,SIZE-41 PICAS,TYPE-PDI

This letter was a reprint of a form letter prepared by Durand and PLdD for USI to use in collecting or attempting to collect from their debtors.  It bore the letterhead of the PLdD law firm and the facsimile of a signature by Allan L. Durand.  The procedures used by USI in sending out reprints of the letter were preapproved by Durand and PLdD, but neither Durand nor any other attorney reviewed the accounts, the balances due or the particular letters before they were sent to Taylor and other debtors.

USI regularly used the form letter in attempting to collect debts owed to it.  USI had a computer program which printed out a daily business report of all amounts due, paid and unpaid, each day.  When a debt remained unpaid, the program caused a letter notifying the debtor of the deficiency to be sent to the debtor on USI stationery.  If that letter went unheeded, after the computer system verified that the amount was in fact still due, the USI system generated and mailed an "attorney demand letter" under the PLdD letterhead and over a facsimile of Durand's signature.

Taylor filed a complaint, alleging that USI sent the deceptive form letter indicating that Durand and his law firm were assisting USI in collecting the debt, but that in fact Durand had not performed the minimal tasks required of an attorney acting as an attorney, such as reviewing Taylor's file, determining the merits of the claim, or reviewing and sending the particular letter, thus violating various provisions of the FDCPA. Taylor sought actual and statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k. The parties filed cross-motions, the defendants for summary judgment and Taylor for partial summary judgment.

Following a hearing on the motions for summary judgment, and without ruling on Taylor's motion for partial summary judgment, the district court rendered summary judgment for all defendants, dismissing Taylor's suit. Taylor appealed.

3.

PLdD, Durand and USI are not entitled to summary judgment as a matter of law because, under the undisputed material facts assembled for purposes of the summary judgment motion, it is evident that they committed violations of the FDCPA.

A.

The most widely accepted tests for determining whether a collection letter contains false, deceptive, or misleading representations are objective standards based on the concepts of the "least sophisticated consumer" or the "unsophisticated consumer." Several Circuit Courts of Appeals have held that, in

determining whether a violation of the FDCPA has occurred, the debt collector's representations, notices and communications to the consumer must be viewed objectively from the standpoint of the "least sophisticated consumer." *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2d Cir.1993); *Clomon v. Jackson,* 988 F.2d 1314 (2d Cir.1993); *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1174-75 (11th Cir.1985); *Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1028 (6th Cir.1992); *Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir.1991); *Baker v. G.C. Services Corp.,* 677 F.2d 775, 778 (9th Cir.1982). This standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials. *Clomon,* 988 F.2d at 1318-19. The Seventh Circuit has adopted an "unsophisticated consumer" standard that serves the same purposes and apparently would lead to the same results in most cases, except that it is designed to protect consumers of below average sophistication or intelligence without having the standard tied to "the very last rung on the sophistication ladder". *Gammon v. GC Services Limited Partnership,* 27 F.3d 1254, 1257 (7th Cir.1994). We need not choose between these standards in the present case. The spurious "attorney demand letter" sent to Taylor was deceptive and misleading under either standard.

USI acted as a "debt collector" and engaged in conduct that violated the FDCPA. Although USI was attempting to collect its own

6

loan, it acted as a "debt collector" because it used names other than its own, viz., the names of PLdD and Allan Durand, which would indicate that third persons were attempting to collect the debt. 15 U.S.C. § 1692a(6)[1]. Under the undisputed facts presented for our review, USI violated § 1692e(3)[2] by falsely representing to Taylor that the collection letter was a communication from an attorney and his law firm, viz., Allan Durand and PLdD. *See Masuda v. Thomas Richards & Co.,* 759 F.Supp. 1456, 1460-61 (C.D.Cal.1991) (debt collector violated § 1692e(3) by a similar collection process, although the attorney, who did not participate otherwise, signed the letters at the direction of the collection agency);

---

[1]The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, **the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts....**

15 U.S.C. § 1692a(6) (emphasis added).

[2]Section 1692e states in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

7

*Martinez v. Albuquerque Collection Services, Inc.,* 867 F.Supp. 1495 (D.N.M.1994) (debt collector liable under the Section for pseudo-attorney collection letter process, although the attorney was later employed to file collection suits, because the violation occurred when the debt collector made the false representation that the collection letter was from an attorney).

Allan Durand and PLdD acted as persons subject to the provisions of the Act and, by the same token, violated the FDCPA, because it may be reasonably inferred that they designed and furnished a form letter to USI knowing that USI would use it to create the belief in consumers that persons other than USI, namely Durand and his law firm, were participating in attempts to collect debts, when in truth Durand and PLdD were not participating. The FDCPA provides that any person who knowingly furnishes forms for use in this deceptive fashion shall be liable to the same extent and in the same manner as a debt collector who fails to comply with the Act. See 15 U.S.C. § 1692j(a) & (b).[3] The demand letter, bearing a facsimile of Durand's signature under PLdD's letterhead,

---

[3]Section 1692j provides in pertinent part:

> (a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

> (b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 813 [15 USCS § 1692k] for failure to comply with a provision of this title [15 USCS §§ 1692 et seq.].

8

informed consumers that USI had retained Durand to collect the balance due and had instructed him to file suit against the debtor to collect the past due amount if it was not paid within ten (10) days of receipt of the letter. The defendants' motion for summary judgment and affidavits and other documents of record do not contain any assertion that Durand or PLdD participated in the attempt to collect Taylor's debt. To the contrary, the summary judgment evidence shows that Durand and PLdD never billed USI or received any income from USI for the demand letter or for any other legal services; that only USI verified the consumer accounts and sent out the "attorney demand letters" via its computer; that Durand and PLdD were not involved in any way in the selection or account evaluation of debtors sent demand letters or in the sending of the letters bearing the PLdD letterhead over the facsimile of Durand's signature; that USI kept no records of the demand letters sent and had no record of transmitting such data to Durand and PLdD; that the defendants filed a written contradiction of the plaintiffs' statement of uncontested facts in which defendants specifically denied that they regularly collect or attempt to collect debts owed to another; and that defendants moved to amend their original answer to correct an inadvertent admission that Durand and PLdD were in the business of regularly collecting debts, asserting vigorously that they had never been in the business of regularly collecting debts.

In a similar situation, the Second Circuit in *Clomon v. Jackson,* 988 F.2d 1314 (2d Cir.1993), concluded that an attorney,

9

Jackson, who was also part-time general counsel for a debt collection agency, violated § 1692e(3) and (10) of the FDCPA by furnishing an attorney collection letter form to the agency for its deceptive use in mass mailing reprints of the letter to consumer debtors. The form that Jackson furnished, when mailed to consumers, would not only falsely represent or imply that the letter had been specifically prepared and sent to an individual consumer by the attorney, Jackson. It would also deceptively indicate that the consumer's file had been referred to the attorney, Jackson, who had evaluated the case and formed the opinion that the creditor's claim could and would be judicially enforced.

The attorney collection letter form contained a facsimile of Jackson's signature: "P.D. Jackson, Attorney at Law/General Counsel/NCB Collection Services"; a letterhead: "Offices of General Counsel/336 Atlantic Avenue/East Rockaway, N.Y. 11518"; and a marginal inscription: "P.D. Jackson, G.C./Attorney-at-Law". In actuality, as was typical in the handling of the agency's accounts, Jackson did not review Clomon's file; he never reviewed or signed any letter that was sent in his name to Clomon; he never gave advice with respect to Clomon's case; and he never received any instructions as to any steps to be taken against Clomon. "In short, Jackson never considered the particular circumstances of Clomon's case prior to the mailing of the letters and he never participated personally in the mailing." *Id.* at 1317.

The Court in *Clomon v. Jackson* observed:

10

> [T]he use of an attorney's signature on a collection letter implies that the letter is "from" the attorney who signed it; it implies, in other words, that the attorney directly controlled or supervised the process through which the letter was sent.... [T]he use of an attorney's signature implies—at least in the absence of language to the contrary—that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent.... [T]here will be few, if any, cases in which a mass-produced collection letter bearing the facsimile of an attorney's signature will comply with the restrictions imposed by § 1692e.

988 F.2d at 1321.

*Clomon* is helpful to understanding that a debt collector, who uses a mass-produced collection letter using the letterhead and facsimile signature of a lawyer who is not actually participating in the collection process, violates § 1692e(3). The *Clomon* opinion does not explain how it reached the conclusion that the attorney Jackson was a debt collector and therefore subject to the prohibitions of 15 U.S.C. § 1692e(3) and (10). Nevertheless, the decision reaches the correct result because an attorney, such as Jackson and Durand, who violates § 1692j(a) by furnishing a form knowing that it will be used by a debt collector to deceive consumers is liable for a violation of the Act under § 1692j(b).

A single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA. Section 1692k of the Act establishes civil liability for "any debt collector who fails to comply with any provision of this title [15 U.S.C. § 1692 et seq.]" *Clomon v. Jackson,* 988 F.2d at 1318. Accordingly, we need not consider any of the other potential bases for reversing the summary judgment that have been urged by Taylor.

B.

11

The defendants' arguments and the District Court's reasons to the contrary can be refuted without difficulty.

The District Court fell into error by deciding that (1) PLdD and Durand were not subject to the provisions of the Act because they did not "regularly" collect debts; (2) USI was not a debt collector because it was collecting a debt on its own behalf; and (3) assuming that the defendants acted as debt collectors, the violations were excusable as innocuous, unintentional and not abusive.

As we explained, under the summary judgment motion evidence, PLdD and Durand are liable under § 1692j to the same extent and in the same manner as a debt collector who violates the Act because it is reasonable to infer that they furnished an attorney collection letter form knowing that it would be used to create the false impression that a third person was participating in the collection of the debt. Their liability does not depend upon whether they fall within the definition of a debt collector who regularly collects debts for others provided for in § 1692a(6) of the Act.

USI acted as a debt collector because under § 1692a(6) that term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. USI used the names of PLdD and Durand in this manner. *See Kempf v. Famous Barr Co.,* 676 F.Supp. 937, 938 (E.D.Mo.1988) (term "debt collector" includes "creditors, who in the process of collecting their own debts, use any names which would indicate that

12

a third person is collecting or attempting to collect such debts");
*Kimber v. Federal Financial Corp.,* 668 F.Supp. 1480, 1483-4
(M.D.Ala.1987); *Horne v. Farrell,* 560 F.Supp. 219, 224
(M.D.Pa.1983).

The defendants unsuccessfully assert several affirmative
defenses that are not supported by the summary judgment evidence.

A debt collector may not be held liable in any action brought
under the Act if he shows by a preponderance of evidence that the
violation was not intentional and resulted from a bona fide error
notwithstanding the maintenance of procedures reasonably adopted to
avoid any such error. § 1692k(c). The record presented for our
review does not show that the defendants' violations were
unintentional or that they resulted from bona fide errors
notwithstanding the adoption of precautions designed to prevent
them.

The frequency and persistence of noncompliance by the debt
collector, the nature of such noncompliance, and the extent to
which such noncompliance was intentional are factors the court must
consider, among other relevant factors in determining the amount of
liability in any individual action under the Act. § 1692k.
Consequently, the fact that violations were innocuous and not
abusive may be considered only in mitigating liability, and not as
defenses under the Act.

The Defendants argue that they cannot be held liable under
the Act because PLdD and USI "were under common control and were
working together toward a common end, i.e. to collect money." The

13

Act does not provide for a defense or exclusion in these terms. Section 1692a(6) provides that the term "debt collector" does not include (A) any officer or employee of a creditor who, in the name of the creditor, collects debts for such creditor;  or (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts.  But these provisions do not shield any of the defendants from liability. First, they do not absolve PLdD or Durand from liability for violations of § 1692j, which does not require a "debt collector" finding.  Second, as to USI, neither subsection (A) nor (b) applies.

### Conclusion

For the reasons assigned, the summary judgment of the district court in favor of the defendants is REVERSED.  We express no opinion upon the partial summary judgment motion of the plaintiff as that motion was not ruled upon by the District Court.  The case is REMANDED to the District Court for further proceedings.

GARWOOD, Circuit Judge, with whom EMILIO M. GARZA, Circuit Judge, joins, concurring:

Agreeing in large measure with Judge Dennis's able opinion, in my view the district court's summary judgment was inappropriate because there is at least a fact issue, or a failure by defendants to make an adequate showing of entitlement to summary judgment, as to whether USI was a debt collector by virtue of the second

14

sentence of 15 U.S.C. § 1692a(6), whether USI violated 15 U.S.C. § 1692e(3) & (10), whether Durand and PLdD violated 15 U.S.C. § 1692j(a) (and are hence subject to debt collector liability by virtue of section 1692j(b)), and whether USI or Durand and PLdD are shielded from liability for any such violations by virtue of section 1692a(6)(A) or (B) or by 15 U.S.C. § 1692k(c).

With respect to the standard for interpreting the letter quoted in Judge Dennis's opinion for purposes of sections 1692e(3) & (10) and 1692j(a), I note that the Second Circuit in *Clomon v. Jackson,* 988 F.2d 1314, 1319 (2d Cir.1993), observed that "the least-sophisticated consumer standard" had been "consistently applied ... in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices."  As the Seventh Circuit suggested in *Gammon v. GC Services, Ltd.,* 27 F.3d 1254, 1257 (7th Cir.1994), this raises the question whether "least sophisticated consumer" is a misnomer. *See also id.* at 1259 (Easterbrook, J., concurring).  In my view, summary judgment here was inappropriate whether or not we use a "least sophisticated consumer" standard, or an "unsophisticated consumer" standard, or a standard similar to that suggested by Judge Easterbrook's thoughtful concurrence in *Gammon,* a standard such as that of "a reasonable consumer with intelligence and experience typical of or average for those consumers to whom the communication was directed."  I do not understand us to choose between these or like formulations.  I also do not understand us to determine whether section 1692j(a) reaches instances where there *is*

15

meaningful third party participation in the debt collection effort, and the form furnished is misleading merely as to the degree or character of that participation. Nor do I understand us to hold that as a matter of law Durand and PLdD were not participating in the debt collection; only that such participation remains at least a fact issue on this record. Finally, I do not understand us to pass upon plaintiff's entitlement to summary judgment. With these observations, I concur in the reversal and remand.

\* \* \* \* \* \*

\* \* \* \* \* \*

16