# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3227

_____

William E. Duffy,                                    *
                                                     *
            Appellant,                               *
                                                     *
      v.                                             *
                                                     *
Kevin W. Landberg, Attorney at                       *
Law; New Concepts Business                           *
Services, Sued as New Concepts                       *
Business Services, Inc., a                           *
Minnesota Corporation,                               *
                                                     *
            Appellees,                               *
_____       *  Appeal from the United States
                                  *  District Court for the District
Susan M. Quaderer                 *  of Minnesota.
                                  *
            Appellant,            *
                                  *
      v.                          *
                                  *
Kevin W. Landberg, Attorney at    *
Law; New Concepts Business        *
Services, Sued as New Concepts    *
Business Services, Inc., a        *
Minnesota Corporation,            *
                                  *
            Appellees,            *
_____       *
                                  *

Dennis G. Hacken,                              *
                                               *
                Appellant,                     *
                                               *
         v.                                    *
                                               *
Kevin W. Landberg, Attorney at                 *
Law; New Concepts Business                     *
Services, Sued as New Concepts                 *
Business Services, Inc., a                     *
Minnesota Corporation,                         *
                                               *
                Appellees.                     *
                         _____

                 Submitted:  March 13, 2000

                   Filed:   May 25, 2000
                         _____

Before RICHARD S. ARNOLD, BEAM, and MURPHY, Circuit Judges.
                         _____

BEAM, Circuit Judge.

       In this consolidated appeal, William Duffy, Dennis Hacken, and Susan Quaderer
(collectively "debtors") appeal the district court's entry of summary judgment in favor
of Kevin Landberg and New Concepts Business Services (New Concepts).  Debtors
commenced this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.
§§ 1692, et seq. (FDCPA).  The district court denied debtors' motions for partial
summary judgment and granted New Concepts' motion for summary judgment.  We
reverse and remand.

## I. BACKGROUND

This case is before us for the second time and we will only briefly recount the factual and procedural history.  See Duffy v. Landberg, 133 F.3d 1120 (8th Cir. 1998) (Duffy I).  The dispute originated from letters sent to debtors by New Concepts in an attempt to collect on bad checks written by debtors.  Debtors brought this action alleging several statements in the letters mischaracterized the extent of their liability under Minnesota law, and thus violated the FDCPA.  In Duffy I, we held  third-party attempts to collect payment on a dishonored check could be "debt collection practices" within the meaning of the FDCPA and remanded the case to the district court for further proceedings.  133 F.3d at 1124.  The district court subsequently granted summary judgment in favor of New Concepts, finding that nothing in the letters sent by New Concepts to collect the debts was unauthorized by Minnesota law.

## II. DISCUSSION

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The Act prohibits debt collectors from using unfair means to collect a debt, including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).  Further, it is a violation of the FDCPA to threaten to "take any action that cannot legally be taken."  15 U.S.C. § 1692e(5).  In evaluating whether a debt collection letter is false, misleading or deceptive, the letter must be viewed through the eyes of the unsophisticated consumer.  See Jang v. A.M. Miller and Assoc., 122 F.3d 480, 483 (7th Cir. 1997).

The letters sent to all three debtors were virtually identical, the only difference being the amount of the debt.  The debtors allege the letters violated the statute because

New Concepts demanded a $100 civil penalty, a $20 service charge, a $10 collection charge, and interest charges. Further, the New Concepts' letter stated that in the event the parties proceeded to litigation, it would seek "in addition to the aforementioned full recovery, all court costs, service of process costs, attorney's fees, and such other remedy as the court may grant." The district court found the $100 civil penalty, $20 service charge, and $10 collection fee were all authorized by the Minnesota statute governing civil liability for the issuance of bad checks. See Minn. Stat. Ann. § 332.50.

With regard to the interest charges, the district court acknowledged the charges were "slightly inaccurate" according to the percentage rates in Minnesota Statute § 549.09. Under the rates in section 549.09, the interest charges were overstated by $1.29 for Hacken, $1.84 for Duffy, and $.65 for Quaderer. However, the district court determined that because New Concepts' letter only requested payment of approximately one half of the cumulative charges to satisfy the debtors' accounts, "the insignificant overstatement of interest charges [did] not violate the FDCPA." Finally, the district court determined the statement in the letters concerning attorney fees did not actually constitute an attempt to collect such fees and, consequently, did not violate Minnesota law.

We agree with the district court that the $20 service charge and $10 collection fee were both authorized by Minnesota law. See Minn. Stat. Ann. § 332.50 Subd. 2(d) ($20 service charge allowed), Subd. 2(e) (up to $30 for cost of collection). However, we disagree with the court's analysis regarding the $100 civil penalty, attorney fees and the overstated interest calculation.

New Concepts' letters to debtors state that in addition to being liable for the amount of the bounced check, "Minnesota state law provides the following . . . civil penalty in the amount of $100.00." However, Minnesota law actually provides that the issuer of a dishonored check is liable for "the amount of the check plus a civil

penalty of *up to* $100 or up to 100 percent of the value of the check, whichever is greater." Minn. Stat. Ann. § 332.50 Subd. 2(a) (1) (emphasis supplied). Although the distinction between saying a debtor is liable under Minnesota law for $100 and the actual provision that the debtor is liable for *up to* a $100 civil penalty is a subtle one, we find there is, in fact, a difference. It is not certain that a Minnesota court would impose the entire $100 penalty in any given situation. In fact, it is probably unlikely in the case of a $10 bad check.

Further, the Minnesota statute provides that after notice is sent to the debtor but before the case has been heard by the court, the collector "*shall* settle the claim if the [debtor] gives the [collector] the amount of the check plus court costs, any service charge owed under paragraph (d), and reasonable attorney fees if provided for under paragraph (a), clause (3)." Minn. Stat. Ann. § 332.50 Subd. 2(c) (emphasis supplied). Therefore, the debtor is liable for up to a $100 civil penalty, but only if the parties proceeded to hearing by the court. The statute *requires* the collector to settle the claim for court costs, the $20 service charge, and attorney fees, if applicable, if the case has not yet been heard by the court. New Concepts' letter included the entire $100 civil penalty as part of the amount debtors could pay to satisfy the debt without proceeding to court. This violated the FDCPA because it was a misleading representation of Minnesota law. See 15 U.S.C. § 1692e.

Next, it is clear that attorney fees would not have been recoverable in an action against debtors under Minnesota law because the amounts of the dishonored checks were less than $1,250. See Minn. Stat. Ann. § 332.50 Subd. 2(a)(3).[1] Thus, the

_____

[1]The statute reads:

Whoever issues any check that is dishonored . . . is liable to the holder for:

. . .

statement in the letters was a violation of the statute because it was a threat to take an "action that cannot legally be taken" under Minnesota law.  15 U.S.C. § 1692e(5).

This conclusion is especially true in light of the unsophisticated consumer standard, which is described as a standard "designed to protect consumers of below average sophistication or intelligence without having the standard tied to 'the very last rung on the sophistication ladder.'" Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997) quoting Gammon v. GC Servs. Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).  This standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collections letters.  See Jang, 122 F.3d at 483-84.  The unsophisticated consumer would likely be led to believe that New Concepts would collect attorney fees if the parties went to court.  Nor is this a peculiar interpretation of the letter, because it clearly states that New Concepts would seek attorney fees in the event legal action was commenced.  Accordingly, New Concepts violated the FDCPA by threatening to seek attorney fees in the event the parties proceeded to litigation.

Finally, although the interest calculations were admittedly only slightly overstated, the letters  seeking these overstated interest charges were nonetheless an attempt to collect interest not permitted by law, and therefore a violation of the plain language of section 1692f(1).

---

(3) reasonable attorney fees if the aggregate amount of dishonored checks issued by the issuer to all payees within a six-month period is over $1,250.

Minn. Stat. Ann. § 332.50 Subd. 2 (a) (3).

It is undisputed that the amounts of the dishonored checks written by plaintiffs were: Duffy - $25.00, Hacken - $11.38, and Quaderer - $24.40.

## III.  CONCLUSION

Because New Concepts violated the FDCPA with regard to the $100 civil penalty, the threat to seek attorney fees, and the interest owed by debtors, we reverse and remand with directions to the district court to enter partial summary judgment in favor of debtors, and for further proceedings to determine damages and costs.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.