PRADO, Circuit Judge:
Plaintiff-Appellant Jose Gonzalez (“Gonzalez”) allegedly failed to pay his Sprint PCS Wireless cell phone bills, totaling $448.97. Sprint turned the consumer debt over to U.S. Asset Management Services, Inc. (“US Asset”), which in turn used the services of Defendants-Appellees Mitchell N. Kay (“Kay”) and the Law Offices of Mitchell N. Kay, P.C. (“the Kay Law Firm”) to collect the debt. The Kay Law Firm sent a collection letter to Gonzalez, which Gonzalez asserts violated the Fair Debt Collection Practices Act (“FDCPA” or the “Act”), 15 U.S.C. § 1692e. The district court dismissed Gonzalez’s case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We reverse.
I. FACTUAL BACKGROUND
Gonzalez owed U.S. Assets $448.97 based on a consumer debt he initially owed to Sprint PCS Wireless.[1] US Assets *602 turned to the Kay Law Firm to collect the debt. On November 21, 2007, the Kay Law Firm sent a collection letter to Gonzalez.[2] The letter was printed on the Kay Law Firm’s letterhead, but it was not signed. The letterhead states, “admitted in New York & Washington, D.C.,” which the parties agree is a representation that Kay was admitted to practice law in these jurisdictions. The front of the letter states,
Please be advised that your account, as referenced above, is being handled by this office.
We have been authorized to offer you the opportunity to settle this account with a lump sum payment, equal to 65% of the balance due — which is $291.83!
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.
If you notify this office in writing within 30 days from receiving this notice, this office will: Obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.
If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
After a large white blank space, the bottom of the letter directs the recipient to “PLEASE ADDRESS ALL PAYMENTS TO” the “Law Offices of Mitchell N. Kay, P.C.” Immediately below the payment information, the letter states, “Notice: Please see reverse side for important information.” A box surrounds this notice. Below the notice box is a detachable payment stub.
On the back, the letter states, in the same font and typeface as the text on the front,
This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.
Notice about Electronic Check Conversion: Sending an eligible check with this payment coupon authorizes us to complete the payment by electronic debit. If we do, the checking account will be debited in the amount shown on the check — as soon as the same day we receive the check — and the check will be destroyed.
At this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account.
Kay and the Kay Law Firm assert that this “disclaimer” language is sufficient to notify Gonzalez that lawyers were not involved in the debt collection. The parties agree that neither Kay nor any lawyers in his firm reviewed Gonzalez’s file or were actively involved in sending the letter. Instead, Gonzalez asserted in his complaint that the letter was deceptive in that the Kay Law Firm “pretended to be a law firm with a lawyer handling collection of the Account when in fact no lawyer was handling the Account or actively handling the file.” Gonzalez essentially contends that the Kay Law Firm is not actually a law firm at all but instead is a debt collection *603 agency that uses the imprimatur of a law firm to intimidate debtors into paying their debts.
II. JURISDICTION AND STANDARD OF REVIEW
Gonzalez brought suit, alleging that the Kay Law Firm’s debt collection letter violated the FDCPA. Relying upon the disclaimer, the district court entered a final judgment dismissing the case pursuant to Rule 12(b)(6), meaning that this court has jurisdiction under 28 U.S.C. § 1291.
“This court reviews a district court’s dismissal under Rule 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs.” Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir.2008) (internal quotation marks omitted). “Factual allegations must be enough to raise a right to relief above the speculative level.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the Twombly standard, explaining that “[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, - U.S. -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Id. It follows that “where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not *show[n]’ — ‘that the pleader is entitled to relief.’ ” Id. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).
When deciding whether a debt collection letter violates the FDCPA, this court “must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.” Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir.2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997). We must “assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.” Goswami, 377 F.3d at 495. “At the same time we do not consider the debtor as tied to the very last rung on the [intelligence or] sophistication ladder.” Id. (internal quotation marks omitted) (alteration in original). “This standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials.” Taylor, 103 F.3d at 1236.
III. DISCUSSION
Congress enacted the FDCPA “to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.” 15 U.S.C. § 1692(e). The FDCPA provides, “A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.” Id. § 1692e. The statute then lists several activities that violate the FDCPA. See id. § 1692e(1)-(16). Gonzalez claims that Kay and the Kay Law Firm violated subsections (3) and (10). Subsection (3) prohibits “[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney.” Id. § 1692e(3). Subsection (10) prohibits “[t]he use of any false representation or *604 deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.” Id. § 1692e(10). There is no dispute that Gonzalez is a “consumer” under the FDCPA and that Kay and the Kay Law Firm are “debt collectors” under the Act. See id. § 1692a(3), (6). A debt collector who violates the FDCPA is liable for actual damages, additional damages of up to $1,000, and attorneys’ fees. See id. § 1692k.
There are sound policy reasons for the FDCPA’s prohibition on a debt collector sending a collection letter that is seemingly from an attorney. Judge Evans of the Seventh Circuit adroitly explained the intimidation inherent in this type of communication:
An unsophisticated consumer, getting a letter from an “attorney,” knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor’s knees knocking.
Avila v. Rubin, 84 F.3d 222, 229 (7th Cir.1996). A letter from a lawyer implies that the lawyer has become involved in the debt collection process, and the fear of a lawsuit is likely to intimidate most consumers. “Thus, if a debt collector (attorney or otherwise) wants to take advantage of the special connotation of the word ‘attorney’ in the minds of delinquent consumer debtors to better effect collection of the debt, the debt collector should at least ensure that an attorney has become professionally involved in the debtor’s file.” Id. In the alternative, a lawyer acting as a debt collector must notify the consumer, through a clear and prominent disclaimer in the letter, that the lawyer is wearing a “debt collector” hat and not a “lawyer” hat when sending out the letter. See Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 361-62 (2d Cir.2005).
In Taylor, this court reversed the award of summary judgment to a defendant law firm under facts that were similar to those in the present case. Taylor, 103 F.3d at 1237. The collection letter in question included a facsimile of the lawyer’s signature under the law firm’s letterhead, informed consumers that the creditor had retained the law firm to collect the debt, and stated that the creditor had instructed the law firm to file suit against the debtor if the debtor did not pay the debt within ten days. Id. However, the summary judgment evidence demonstrated that the lawyer and law firm were not at all involved in reviewing past due accounts or sending the letters. Id. In reversing the award of summary judgment to the law firm/debt collector, we held that “a debt collector, who uses a mass-produced collection letter using the letterhead and facsimile signature of a lawyer who is not actually participating in the collection process, violates § 1692e(3).” Id. at 1238.
In reaching this conclusion, we relied upon the Second Circuit’s decision in Clomon v. Jackson, 988 F.2d 1314, 1321 (2d Cir.1993). In Clomon, the Second Circuit held that a lawyer violated the FDCPA when he “authorized the sending of debt collection letters bearing his name and a facsimile of his signature without first reviewing the collection letters or the files of the persons to whom the letters were sent.” Id. at 1316. This court in Taylor quoted the following passage from Clomon:
“The use of an attorney’s signature on a collection letter implies that the letter is ‘from’ the attorney who signed it; it implies, in other words, that the attorney directly controlled or supervised the process through which the letter was sent .... The use of an attorney’s sig *605 nature implies — at least in the absence of language to the contrary — that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent .... There will be few, if any, cases in which a mass-produced collection letter bearing the facsimile of an attorney’s signature will comply with the restrictions imposed by § 1692e.”
103 F.3d at 1238 (quoting Clomon, 988 F.2d at 1321) (omissions in Taylor) (alterations omitted). The court in Clomon highlighted several factors that were important to its decision that the lawyer violated the FDCPA, e.g., that the letter was on the law firm’s letterhead, included the lawyer’s signature, and contained language stipulating that the lawyer had considered the individual debtors’ files and had made judgments on how to collect the debts. Clomon, 988 F.2d at 1320-21.
The Second Circuit more recently decided another FDCPA case that explains how a lawyer, acting as a debt collector, can avoid liability by including a clear and prominent disclaimer in the collection letter. See Greco, 412 F.3d at 365. In Greco, the consumer received a letter printed on a law firm’s letterhead but with no signature except for the firm’s name in the signature block. Id. at 361. The letter stated that the law firm represented the creditor for “collection and such action as necessary to protect our client.” Id. The letter also contained the following disclaimer: “At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.” Id. The consumer filed suit, alleging that the letter violated Sections 1692e(3) and (10) of the FDCPA. Id. at 362. The district court dismissed the case under Federal Rule of Civil Procedure 12(c) (motion for judgment on the pleadings), determining as a matter of law that the letter did not violate the FDCPA. Id. The Second Circuit affirmed, concluding that the disclaimer explained the limited extent of any attorney involvement in collecting the debt. Id. at 365. The court provided this important guidance:
[Attorneys can participate in debt collection in any number of ways, without contravening the FDCPA, so long as their status as attorneys is not misleading. Put another way, our prior precedents demonstrate that an attorney can, in fact, send a debt collection letter without being meaningfully involved as an attorney within the collection process, so long as that letter includes disclaimers that should make clear even to the “least sophisticated consumer” that the law firm or attorney sending the letter is not, at the time of the letter’s transmission, acting as an attorney.
Id. at 364.
The Sixth and Third Circuits also have provided some recent guidance on this issue. In Kistner v. Law Offices of Michael P. Margelefsky, LLC, 518 F.3d 433, 440-41 (6th Cir.2008), the Sixth Circuit concluded that there was a fact issue as to whether the letter in question was deceptive and misleading given that there were factors that cut both ways. Specifically, the letter was printed on the law firm’s letterhead and made repeated references to a law firm, but it also stated that it was from a “debt collector” and was “signed” by an unnamed “Account Representative.” Id. at 440. Similarly, the Third Circuit ruled in Rosenau v. Unifund Corp., 539 F.3d 218, 223-24 (3d Cir.2008), that the “least sophisticated debtor” could reasonably conclude that a letter, which came from the debt collector’s “Legal Department,” suggested current attorney involvement.
Finally, the Middle District of Florida recently denied summary judgment to the *606 Kay Law Firm after considering a letter that is virtually identical to the one in this case. See Brazier v. Law Offices of Mitchell N. Kay, P.C., No. 8:08-ev-156, 2009 WL 764161, at *3 (M.D.Fla. Mar. 19, 2009). The court determined that the use of the law firm’s letterhead and the placement of the disclaimer on the back made the question of whether the letter was deceptive a factual dispute for the jury to decide. Id. In particular, the court highlighted the contradiction between the law firm letterhead on the front and the disclaimer on the back of the letter. Id. at *2. The court distinguished Greco by noting that the Second Circuit in Greco analyzed the language of the disclaimer, not its placement. Id. at *3.
In sum, the main difference between the cases is whether the letter included a clear, prominent, and conspicuous disclaimer that no lawyer was involved in the debt collection at that time. There are some letters that, as a matter of law, are not deceptive based on the language and placement of a disclaimer. At the other end of the spectrum, there are letters that are so deceptive and misleading as to violate the FDCPA as a matter of law, especially when they do not contain any disclaimer regarding the attorney’s involvement. In the middle, there are letters that include contradictory messages and therefore present closer calls. The courts in Taylor, Clomon, Kistner, and Rosenau ruled in favor of the plaintiff when the letter was on law firm letterhead, did not include any disclaimer, and (in Taylor and Clomon) included the signature of an attorney, even though the letter may have stated that it was from a “debt collector.” Similarly, the court in Brazier ruled against the Kay Law Firm when analyzing virtually the exact same letter as here because the disclaimer, on the back of the letter, was not clear and prominent and contradicted the law firm’s letterhead on the front. By contrast, the court in Greco ruled in favor of the law firm because the letter stated, in the body of the text, that no lawyer had personally reviewed the file.[3]
Here, the letter was printed on the law firm’s letterhead, but it was unsigned. On the back, the letter indicated that it was from a “debt collector” and included the sentence, “At this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account.” This is the exact same disclaimer that the court in Greco found dispositive. See Greco, 412 F.3d at 361. However, the disclaimer in Greco was part of the body of the letter on the front page; a consumer who read the main text of the letter would necessarily learn that the law firm was sending the letter but that no attorneys had reviewed the file. In contrast, the *607 “least sophisticated consumer” reading the letter from the Kay Law Firm would not learn that the letter was from a debt collector unless the consumer turned the letter over to read the “legalese” on the back. The disclaimer on the back of the letter completely contradicted the message on the front of the letter — that the creditor had retained the Kay Law Firm and its lawyers to collect the debt. That is, the disclaimer on the back may not have been effective. There was also ample room on the front of the letter to include this disclaimer so as to clearly articulate to the consumer the nature of the law firm’s involvement. Accordingly, this letter falls in that middle ground in which the letter is neither deceptive as a matter of law nor not deceptive as a matter of law. Because the “least sophisticated consumer” reading this letter might be deceived into thinking that a lawyer was involved in the debt collection, the district court prematurely dismissed Gonzalez’s complaint.
We acknowledge that this is a close case, which is why further inquiry at the district court is necessary. Based only on the allegations in the complaint and the letter itself, reasonable minds can differ as to whether this letter is deceptive. Although the mere presence of disclaimer language might be dispositive in certain circumstances, the context and placement of that disclaimer is also important. We do not construe the disclaimer in isolation but must analyze whether the letter is misleading as a whole. We caution lawyers who send debt collection letters to state clearly, prominently, and conspicuously that although the letter is from a lawyer, the lawyer is acting solely as a debt collector and not in any legal capacity when sending the letter. The disclaimer must explain to even the least sophisticated consumer that lawyers may also be debt collectors and that the lawyer is operating only as a debt collector at that time. Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the “price of poker has gone up.”
IV. CONCLUSION
We hold that the district court erred in concluding that Gonzalez failed to state a claim for relief that Kay and the Kay Law Firm violated the FDCPA. We therefore REVERSE the district court’s judgment and REMAND for further proceedings.
REVERSED and REMANDED.

. Gonzalez actually disputed whether he owed the debt, but that issue is irrelevant to this appeal.

. In his brief, Gonzalez also mentions a similar letter that the Kay Law Firm sent him on January 8, 2008. However, he never referenced the latter letter in his complaint, so we may not consider it. See Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir.2008) (“Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint, including those made on appeal.”). Regardless, the two letters are virtually identical.

. Several district court cases also have relied upon the existence — or lack thereof — of a clear disclaimer in a debt collection letter. See Martsolf v. JBC Legal Group, P.C., No. 1:04-CV-1346, 2008 WL 275719, at *10 (M.D.Pa. Jan. 30, 2008) (finding liability under the FDCPA in part because "[t]he letters do not include a disclaimer stating that no attorney has personally reviewed the debt”); Navarro v. Eskanos & Adler, No. C 06-02231 WHA, 2007 WL 549904, at *6 (N.D.Cal. Feb.20, 2007) (denying summary judgment because, inter alia, "[t]he letter contains no disclaimer of an attorney’s involvement”); Miller v. Wolpoff & Abramson, L.L.P., 471 F.Supp.2d 243, 248 (E.D.N.Y.2007) (noting that a lawyer need not show "meaningful involvement” to avoid liability for sending a letter if "a debt collection letter is signed by an attorney but includes a disclaimer about the extent to which attorneys are involved in reviewing individual debtors’ cases”); Pujol v. Universal Fid. Corp., No. 03 CV 5524, 2004 WL 1278163, at *5 (E.D.N.Y. June 9, 2004) (dismissing case because the least sophisticated consumer would not believe that the attorney had individually reviewed the file given the language in the letter stating, "I have not, nor will I, review each detail of your account status, unless you so request”).