JORDAN, Circuit Judge,
dissenting:
The sole question for us to answer in this appeal is whether the least sophisticated consumer, after reading the debt collection letters at issue, would believe that an attorney, acting as such, was involved in the collection process. Because I disagree with the Majority’s conclusion and would hold that even the least sophisticated consumer would not be misled as the plaintiff and the Majority contend, I respectfully dissent.[1]
The least-sophisticated-consumer standard is meant to comport with the purpose of the Fair Debt Collection Practices Act (“FDCPA”) to protect all consumers, “the gullible as well as the shrewd.” Clomon v. Jackson, 988 F.2d 1314,1318 (2d Cir.1993). While the standard surely protects naive consumers, it is also supposed to protect debt collectors by “preventing] liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.” Wilson v. Quadramed Corp., 225 F.3d 350, 354-55 (3d Cir.2000) (internal quotation marks and citation omitted). My colleagues in the Majority give this important aspect of the standard only a nod.
Under our precedents, attorneys are permitted to participate in debt collection, including the sending of debt collection letters, without running afoul of the FDCPA. See Crossley v. Lieberman, 868 F.2d 566, 569-70 (3d Cir.1989) (acknowledging attorney participation in debt collecting and discussing the FDCPA strictures on, not prohibition of, that participation); Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir.1991) (holding that an attorney acting as a debt collector violated the FDCPA by misstating the debtor’s legal rights in the collection letter, not, implicitly, by merely sending the letter). They must, however, tread carefully. “Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney’s improper threat of legal action than to a debt collection agency committing the same practice.” Crossley, 868 F.2d at 570. Indeed, because “[a] debt collection letter on an attorney’s letterhead conveys authority and credibility,” there is inherent intimidation in correspondence of that kind. Id.
Consistent with that concern, the United States Court of Appeals for the Second Circuit has explained that a debt collection letter signed by a law firm or appearing on the firm’s letterhead “implies — at least in the absence of language to the contrary— that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent,” Clomon, 988 F.2d at 1321 (emphasis added), and thus, unless the attorney actually had formed a legal opinion, would violate the FDCPA’s prohibition against “[t]he use of any false representation or decep *1005 tive means to collect or attempt to collect any debt,” 15 U.S.C. § 1692e (10).[2] However, the Second Circuit has also held in Greco v. Trauner, Cohen, & Thomas, L.L.P., that that implicit message of attorney involvement may be clarified by the use of proper disclaimers “connot[ing] far less actual attorney involvement [and thus] satisfying the FDCPA’s requirements.” 412 F.3d 360, 364 (2d Cir.2005).
For example, in Greco, the debtor claimed that a collection letter he received from a law firm left him with the false impression that an attorney had reviewed his account and formed an opinion regarding the debt. Id. at 362. This letter was printed on law firm stationary, and the firm’s name was used as a signature. Id. at 361. The letter further implied the involvement of attorneys, referring to the creditor as “our client,” stating that the firm “represented]” the creditor in “this matter,” and warning of “additional remedies.” Id. But the letter also contained the following disclaimer: “At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.” Id.
The Greco Court acknowledged the letter’s implication that an attorney, acting as an attorney, had been involved, but the Court noted that “the implied level of attorney involvement is just that — implied.” Id. at 364. The implication could be overcome, the Court explained, by a clear disclaimer. Id. The Court concluded that the disclaimer at issue was clear enough for the least sophisticated consumer to understand that no one involved in the debt collection to that point had had “meaningful involvement as an attorney.” Id. at 365. In summary, the Second Circuit held:
[A]n attorney can, in fact, send a debt collection letter without being meaningfully involved as an attorney within the collection process, so long as that letter includes disclaimers that should make clear even to the “least sophisticated consumer” that the law firm or attorney sending the letter is not, at the time of the letter’s transmission, acting as an attorney.
Id. at 364.
In Gonzalez v. Kay, the United States Court of Appeals for the Fifth Circuit faced essentially the same question faced by the Second Circuit in Greco. The collection letter’s content, including its disclaimer regarding attorney involvement, tracked that of the Greco letter.[3] Gonza *1006 lez, 577 F.3d at 602. However, the panel majority in Gonzalez concluded that the letter was misleading because, unlike the letter in Greco, which had the disclaimer on the front, the disclaimer was on the back of the letter. Id. at 606. The Gonzalez majority further opined that the disclaimer was “legalese” and inconsistent with the implicit message communicated by the law firm’s letterhead on the front of the page. Id. at 607.
The dissent in Gonzalez, however, pointed out that the disclaimer “[did] not contain a single legal term” and that a “reasonable unsophisticated consumer, whom we assume can read, could not possibly have trouble understanding it.” Id. at 608 (Jolly, J., dissenting). The dissent further noted that the majority’s concern over the placement of the disclaimer could only provide a meaningful basis for reaching a different result than in Greco if one assumes “that an unsophisticated consumer would not turn the letter over,” id. at 608-609, which was an untenable assumption given the large notice on the letter’s front page stating: “Notice: Please see reverse side for important information,” id. at 609. As rightly put by the dissent, “[W]hen a prominent instruction in the body of the letter warns that there is important information on the reverse side, a reasonable reader, even if unsophisticated, would turn the paper over and read the back.” Id. at 609 (internal quotation marks omitted). Thus, read in its entirety, the letter could not confuse the least sophisticated consumer regarding an attorney’s involvement. Id.
The Gonzalez dissent is exactly correct, and I regret that I too am required to dissent rather than be part of a majority opinion recognizing that the words “least sophisticated” do not mean “illiterate” or “completely irresponsible.” The correspondence at issue here features basically the same plain language disclaimer as was at issue in both Greco and Gonzalez: “At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.” (App. at 41, 43.) Without legal mumbo jumbo, that disclaimer tells any reasonable reader, including the least sophisticated, that, “while this was a letter from a law firm, no attorney had specifically examined the recipient’s account information, and hence no attorney had yet recommended filing a lawsuit against the creditor.” Greco, 412 F.3d at 362-63. Moreover, like the letter in Gonzalez, the letter here does not mention “clients,” “representation,” or “other jargon suggesting lawyer involvement.” Gonzalez, 577 F.3d at 608 (Jolly, J., dissenting). Thus, it is “significantly less suggestive of attorney involvement” than the Greco letter. Id.
Once upon a time, we held that, “[although established to ease the lot of the naive, the [least sophisticated consumer] standard does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety.” Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 299 (3d Cir.2008). We have strayed far from that ruling today. To say that the least sophisticated consumer would not flip the page to read the entire letter, particularly when prompted to do so by a conspicuous notice on the front of the letter, or to say that one could be confused about the level of attorney involvement despite the plain statement that no legal review had occurred, is to permit — indeed to encourage — the kind of “bizarre or idiosyncratic interpretation[ ] of collection notices,” id. (internal quotation marks omitted), we have previously condemned. “Rulings that ignore these rational characteristics of even the least sophisticated debtor and instead rely on unrealistic and fanciful interpretations of collection communications” *1007 frustrate the express purpose of the FDCPA to “ ‘insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.’” Id. (quoting 15 U.S.C. § 1692(e)).
Although the Majority claims to eschew deciding whether a law firm can ever be clear enough in a disclaimer to overcome the effect of sending out a debt collection notice on law firm letterhead, the practical effect here is clear. Law firms take an extraordinary risk in sending a collection letter, no matter how conciliatory or how plain their prose.

. The case of Gonzalez, v. Kay, 577 F.3d 600 (5th Cir.2009), raised the same question with respect to a debt collection letter substantively indistinguishable from the letter at issue here. The Honorable E. Grady Jolly dissented in that case, opining that the debt collection letter did not violate 15 U.S.C. § 1692e. Id. at 607-12 (Jolly, J. dissenting). Consistent with the reasoning in Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360 (2d Cir.2005), Judge Jolly observed that the letter was best seen as sufficiently clear to tell the least sophisticated consumer that an attorney, acting in the role of an attorney, had not been involved in the collection effort. Gonzalez, 577 F.3d at 607-09 (Jolly, J. dissenting). I am persuaded by Judge Jolly’s thoughtful analysis and endeavor to echo it here.

. Section 1692e provides a non-exclusive list of conduct that violates that section. Appellee argues that three of the examples of violative conduct listed in § 1692e are implicated here:
(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
15 U.S.C. § 1692e.

. The disclaimer read: “At this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account.” Gonzalez, 577 F.3d at 602.