# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 7, 2012

Lyle W. Cayce
Clerk

No. 11-41151
Summary Calendar

JOHN M. WHATLEY,

Plaintiff-Appellant

v.

FRANK COFFIN, Chief of Police; JEFFREY HANCOCK, Officer; CITY OF
BEAUMONT,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-315

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:*

John M. Whatley, Texas prisoner # 1656081, appeals the district court's
dismissal of his 42 U.S.C. § 1983 complaint against Beaumont Chief of Police
Frank Coffin, Beaumont Police Department Officers Raymond Shearer and
Jeffrey Hancock, and the City of Beaumont. He alleged that Officers Shearer
and Hancock used excessive force when they shot him in the hand during the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-41151

course of his arrest for burglary of a building and that Chief Coffin failed to adequately supervise and train the officers on the use of deadly force.

State court documents demonstrate that as a result of the incident in question, Whatley was indicted on two counts of aggravated assault of a public servant in violation of TEX. PENAL CODE ANN. § 22.02(a)(2) and (b)(2)(B). The indictments alleged that Whatley intentionally and knowingly threatened Officers Shearer and Hancock with imminent bodily injury by using his truck, a deadly weapon that in the manner of its use and attempted use was capable of causing serious body injury and death. Pursuant to a plea bargain, Whatley pleaded guilty to two counts of assault of a public servant in violation of TEX. PENAL CODE ANN. § 22.01(a)(2) and (b)(1), which is a third degree felony and a lesser included offense of aggravated assault of a public servant. He was sentenced to concurrent terms of ten years of imprisonment.

The district court dismissed Whatley's complaint without prejudice for failure to state a claim upon which relief may be granted and declined to exercise supplemental jurisdiction over his state law claims. Specifically, the district court determined that Whatley's § 1983 claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because a judgment in his favor would imply that his convictions for assault of a public servant were invalid.

Whatley contends that the district court failed to provide him with adequate fairness when it sua sponte dismissed his complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A district court may sua sponte dismiss a complaint under Rule 12(b)(6) "as long as the procedure employed is fair." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (internal quotation marks and citation omitted). "We have . . . suggested that fairness in this context requires both notice of the court's intention and an opportunity to respond." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (internal quotation marks and citation omitted).

No. 11-41151

The record reflects that Whatley was notified of the *Heck*-bar issue and afforded multiple opportunities to contest a dismissal on that ground. Although the district court initially adopted the magistrate judge's report and recommendation without considering Whatley's objections, the court granted Whatley's motion for reconsideration in order to consider those objections. Further, although the magistrate judge initially determined that Whatley's allegations stated a cause of action, this determination was made before the defendants had filed their answers alleging that Whatley's suit was barred by *Heck* because he had been convicted of assault of a public servant as a result of the incident in question. Accordingly, Whatley has not shown that the district court failed to provide him with adequate fairness when it sua sponte dismissed his complaint pursuant to Rule 12(b)(6). *See Bazrowx*, 136 F.3d at 1054.

Whatley also contends that his § 1983 claims are not barred by *Heck*, asserting that he was not attacking the legality of his convictions for the lesser included offense of assault of a public servant and that a judgment in his favor would not necessarily imply the invalidity of those convictions. He argues that because the indictments alleged assaults by threat, the State abandoned the deadly weapon findings, and he pleaded guilty to two counts of the "lesser included offense of assault of a public servant," his convictions were for "attempted threat" pursuant to § 22.01(a)(2), TEX. CODE CRIM. PROC. ANN. art. 37.09(4), and TEX. PENAL CODE ANN. § 15.01(d). According to Whatley, the facts underlying his excessive force claims were not related to or inconsistent with those necessary to sustain these convictions. Specifically, he notes that as part of his plea bargain, the State conceded that he did not use his truck as a weapon. Without such a finding, Whatley speculates that his convictions were based on the fact that the officers felt threatened by his long criminal history and his earlier burglary of a convenience store. He asserts that these facts were insufficient to justify the officers' use of deadly force.

3

No. 11-41151

We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011). The complaint must "allege sufficient facts that, taken as true, state a claim that is plausible on its face." *Id.* Although we accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff, *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), we do not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions," *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Further, we may refer to matters of public record when determining whether a Rule 12(b)(6) dismissal is warranted. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

In *Heck*, the Supreme Court held that a § 1983 claim that would necessarily imply the invalidity of a conviction is not cognizable until the plaintiff can demonstrate that the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87, quote at 487. We have applied *Heck* to § 1983 excessive force claims, observing that "the determination of whether such claims are barred is analytical and fact-intensive, requiring us to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).

We need not determine whether Whatley's excessive force claims undermine an element of his assault of a public servant convictions because the facts alleged in his complaint were inherently inconsistent with those convictions. Whatley's complaint did not allege that he intentionally or knowingly threatened the officers with imminent bodily injury to protect himself against their use of unlawful force, that the officers' use of excessive force occurred after he had ceased his threatening behavior, or that the officers used

force far greater than that required for his arrest and out of proportion to his threatening behavior. Instead, the incident was presented as a single violent encounter during which the officers used excessive force and he was wholly innocent. Specifically, Whatley's complaint alleged that Officers Shearer and Hancock began shooting at him without provocation, warning, or identifying themselves as law enforcement officers. Although Whatley alleged that he had started his truck and put it in gear, he denied that he was armed and dangerous, that he acted in a violent manner, or that the situation was potentially explosive. Therefore, accepting the version of events alleged by Whatley, his § 1983 claims were necessarily inconsistent with his assault of a public servant convictions and thus are barred by *Heck*. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656-57 (5th Cir. 2007). Accordingly, the district court's judgment is AFFIRMED.