# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20091
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2014

Lyle W. Cayce
Clerk

PATRICK COX,

      Plaintiff - Appellant

v.

SELECT PORTFOLIO SERVICING, INCORPORATED; U.S. BANK, NATIONAL ASSOCIATION,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:13-CV-2998

Before STEWART, Chief Judge and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:*

    Appellant ("Cox") sued Select Portfolio Servicing, Incorporated ("SPS") and U.S. Bank, N.A. ("U.S. Bank") (collectively, "Appellees") in state court to enjoin a foreclosure pursuant to a deed of trust lien. Appellees removed the case to federal court and filed a 12(b)(6) motion to dismiss for failure to state a

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20091

claim upon which relief can be granted.  The district court granted the dismissal.  Cox timely appealed.  For the reasons stated herein, we affirm.

I.

Before the instant case, the State of Texas ("State") obtained a judgment for over $45,000,000 against Cox.  Cox did not include the State in this suit.  Cox also did not deny his indebtedness to U.S. Bank, or that he defaulted on the note, nor did he make claims regarding the foreclosure process.  Instead, Cox sought a declaration that the State's judgment lien did not attach to his homestead.  Cox obtained an ex parte temporary restraining order and Appellees removed to federal court.  The district court granted Appellees' motion for dismissal for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  We now review the grant of the motion to dismiss.

II.

We review the grant of a 12(b)(6) motion to dismiss de novo.  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted).  "We construe the [complaint] in the light most favorable to [the plaintiff], accepting all well-pleaded facts as true."  *Id.* (citation omitted).  We do not, however, "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Id.* (citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  "We may affirm a district court's dismissal based on rule 12(b)(6) on any basis supported by the record."  *Ferrer*, 484 F.3d at 780-81.

Cox alleges that Article XVI, Section 50 of the Texas Constitution and Section 41.0019(a) of the Texas Property Code exempt homesteads from seizure and that none of the exceptions in the Texas Constitution apply.  As

2

such, he contends that the State's judgment lien should not attach to the homestead.  However, any judgment lien held by the State is irrelevant to whether the Appellees, holders of a deed of trust lien, have a right to foreclose on Cox's homestead.  Despite Cox's allegations, the Texas Constitution provides an exception to foreclosing on a homestead when the debt is for "the purchase money thereof, or a part of such purchase money."  Tex. Const. art. XVI, § 50(a)(1).  Cox has not sought declaratory relief as to U.S. Bank's lien interest or the noticed foreclosure of that deed of trust lien.  Cox instead alleges that he would have been able to sell the home to satisfy the note to U.S. Bank if the State had not recorded the abstract of its judgment.  Cox seeks a declaration that the State's judgment lien does not attach to his homestead.  Whether or not the State's judgment attaches, however, has nothing to do with the Appellees' right to foreclose.

Cox has thus alleged nothing that would support relief against the Appellees.  Cox has made no argument that Appellees do not have the right to foreclose on his homestead other than the barebones—and likely incorrect—allegation that none of the exceptions to Section 50(a) of the Texas Constitution apply.  U.S. Bank's lien is likely excepted under Section 50(a)(1) of the Texas Constitution, and Cox only seeks a declaration that the State's judgment lien does not attach.  Cox's pleadings entitle him no right to relief against the Appellees.

Cox has not stated sufficient facts that, accepted as true, would state a claim for relief against the Appellees that is plausible on its face.  *See Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  Cox has not alleged any misconduct by the Appellees and his complaint does not show that he is entitled to relief.  *See id.*  Accordingly, we AFFIRM the district court's grant of Appellee's motion to dismiss for failure to state a claim.