**REVISED September 2, 2015**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20121
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 1, 2015

Lyle W. Cayce
Clerk

JOAN STUKES; JOHN STUKES,

Plaintiffs - Appellants

v.

TROY NEHLS; JESSIP MURPHY; JERRET NETHERY; OFFICER TERRY
ROBERTSON; WILLIAM WORSHAM; JILLIAN SMITH; LEAH SMITH;
BRAD SMITH,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1862

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-20121

John and Joan Stukes ("The Stukeses") appeal the district court's sua sponte dismissal of their complaint with prejudice. For the following reasons, we AFFIRM.

## BACKGROUND

On July 3, 2014, the Stukeses brought suit against eight individual defendants - their neighbors and neighbors' niece, and five members of the Fort Bend County Sheriff's Office - after an Independence Day celebration ended with Mrs. Stukes' arrest.

Prior to Mrs. Stukes' arrest, Mr. Stukes walked his neighbor, Leah Smith, home. Both had enjoyed an evening of drinking to the point of intoxication. Unbeknownst to Mr. Stukes, a fall from earlier in the evening had left his face cut and bloodied. Noticing Mr. Stukes' injury upon his and Leah's arrival, the Smith's niece, Jillian, speculated that Mrs. Stukes was the cause. Consequently, she phoned 911. Various law enforcement officers arrived and searched the Stukeses' home. Their search led to the arrest of Mrs. Stukes, who alleged she sustained significant, substantial, and severe injuries as a result. Based on these allegations, the Stukeses brought a defamation claim against Brad and Leah Smith ("the Smiths"), and a separate claim for violation of their constitutional rights against representatives of the sheriff's office.

The district court ordered the Stukeses to serve all defendants within sixty days. Six months after commencing suit, the Stukeses served only the Smiths.[1] On January 9, 2015, the district court sua sponte dismissed all of the Stukeses claims with prejudice for, *inter alia*, failure to state a claim.

---

[1] During a November 12, 2014, pretrial conference the Stukeses informed the district court they had no intention of ever serving the six remaining defendants. Therefore, the Smiths remain the only parties involved in this appeal.

No. 15-20121

## STANDARD OF REVIEW

We review the dismissal of a complaint for failure to state a claim *de novo*. *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011). The complaint must "allege sufficient facts that, taken as true, state a claim that is plausible on its face." *Id.* The allegations must be sufficient "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although we accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff, *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), we do not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions," *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). If the plaintiff fails to allege facts sufficient to "nudge [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 1974.

## DISCUSSION

We determine a single issue on this appeal: whether the Stukeses' defamation claim, as pleaded, warrants dismissal.[2]

Under Texas law, to maintain a defamation claim, a plaintiff must state facts showing that the defendant (1) published a statement (2) that was defamatory concerning the plaintiff (3) while acting with negligence regarding the truth of the statement. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). The district court determined the Stukeses failed to meet the necessary elements for maintaining a defamation claim. We agree.

---

[2] To the extent that the Stukeses seek to appeal the district court's dismissal of any claims asserted against parties other than Brad and Leah Smith, they are foreclosed from doing so because they expressly abandoned the claims before the district court.

3

No. 15-20121

The Stukeses' insufficient pleading fails to state any facts informing the Smiths of the grounds for their defamation claim. Their complaint fails to identify any specific defamatory statements allegedly made by the Smiths. In fact, their complaint fails to squarely identify the speaker of the alleged defamatory statement. The Stukeses' mere recital of the elements of a defamation claim supported only by their conclusory allegations simply does not survive the dismissal stage. *See Ashcroft v. Iqbal,* 129 S.Ct. 1937.

The Stukeses improperly rely upon all of this matter's participants – including this court – to glean their complaint in support of satisfaction of their pleading burden. This is not the standard. Accordingly, we conclude that the district court's finding that the Stukeses "claims are without facts or law to support them" and subsequent dismissal of their defamation claim was not in error.

For these reasons, we **AFFIRM** the district court's dismissal of the Stukeses' claims.

4