# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20104
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2017

Lyle W. Cayce
Clerk

ROSEMARY THOMPSON; TIMOTHY E. THOMPSON,

Plaintiffs-Appellants

v.

WELLS FARGO BANK NATIONAL ASSOCIATION; AMERICA'S SERVICING COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEM; WMC MORTGAGE CORPORATION; STARTEX TITLE COMPANY; STARTEX TITLE COMPANY, L.L.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-598

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rosemary and Timothy E. Thompson filed a pro se complaint against various financial institutions and companies involved in recording a refinanced mortgage on their property located at 1039 Pennygent Lane in Channelview, Texas. Generally, they asserted that they were not advised of new holders of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the mortgage, that they were denied requested modifications of the mortgage agreement, and that ultimately a state court entered a judgment of foreclosure. The Thompsons raised numerous claims challenging the validity of the mortgage agreement and the state foreclosure proceedings and asserted that the defendants had violated federal and state criminal and civil laws, engaged in conspiracy, committed fraud, and breached a contract. The district court granted motions to dismiss filed by various defendants pursuant to Federal Rule of Civil Procedure 12(b)(6), concluding that the Thompsons' challenges to the mortgage and order of foreclosure were barred by the *Rooker-Feldman*[1] doctrine, that the federal and state criminal statutes did not give rise to a private cause of action, that the Thompsons had not alleged sufficient facts to establish fraud or a breach of contract, that the Thompsons had failed to allege sufficient facts to show a violation under the Telephone Consumer Protection Act (TCPA) or the Texas Uniform Fraudulent Transfers Act (TUFTA), and that any attempt to amend would be futile. The Thompsons now appeal this ruling.

We review a Rule 12(b)(6) dismissal de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff[]." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

---

[1] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

No. 16-20104

In their appellate brief, the Thompsons repeat their contentions that the 2004 mortgage and the state court foreclosure proceedings were not valid. They do not, however, refute the district court's conclusion that these allegations were barred by the *Rooker-Feldman* doctrine. Although this court applies "less stringent standards to parties proceeding pro se than to parties represented by counsel" and liberally construes the briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *see also Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (stating that pro se appellants must brief arguments in order to preserve them). The Thompsons' failure to make any argument against the district court's *Rooker-Feldman* ruling results in the abandonment of that issue. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The Thompsons also maintain in their appellate brief that they have established causes of action for false statements, mail and wire fraud, breach of contract, and mortgage fraud. They do not challenge the district court's bases for rejecting these claims, and such arguments are therefore abandoned. *See id.* Additionally, their conclusional assertions that they are entitled to relief on these bases "will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation marks and citation omitted). The Thompsons have not briefed any challenge to the district court's rejection of their claims under the TCPA or TUFTA, and they do not assert that the district court should have granted them an additional opportunity to amend before dismissal; those claims are therefore abandoned as well. *See Brinkmann*, 813 F.2d at 748.

The judgment of the district court is thus AFFIRMED.

3