# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30414
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
November 17, 2017

Lyle W. Cayce
Clerk

SAUL REED,

Plaintiff - Appellant

v.

RECEIVABLE RECOVERY SERVICES, L.L.C.,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-12666

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Saul Reed sued Receivable Recovery Services, LLC ("RRS"), a consumer debt collection agency, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, ("FDCPA") and the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), LA. STAT. ANN. § 51:1401–18 (2006). The district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30414

court granted summary judgment in favor of RRS. Mr. Reed appeals. We AFFIRM.

## I

RRS is a debt collection agency that sought to collect an unpaid ambulance bill from Mr. Reed on behalf of Acadian Ambulance Service. RRS first sought collection of the $1,556.53 bill on January 17, 2016, when it mailed Mr. Reed a written notice that explained his rights under the FDCPA. Mr. Reed failed to dispute liability for any part of the debt within 30 days. On three occasions, February 17 and 19 and March 7, 2016, different RRS collectors spoke briefly with Mr. Reed.

Mr. Reed alleges that this RRS representative's statement in the February 17 call was false, deceptive, and misleading to the unsophisticated consumer under §§ 1692e and 1692f: "[j]ust you stepping inside that ambulance is a good $2,000, so you got a deal. They cut you a break on this." Mr. Reed also challenges the representative's statement in the February 17 call that RRS "will pursue other options and [the debt] will get paid one way or another." He contends this statement violates §§ 1692d, 1692e, and 1692f. Mr. Reed also contends the approximately 14 calls in a five-week period violates § 1692d(5). Finally, he submits these RRS practices also violate LUTPA.

## II

We review a grant of summary judgment de novo, applying the same standard as the district court. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III

The district court appropriately granted summary judgment in favor of RRS. Congress enacted the FDCPA "to eliminate abusive debt collection

practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA provides, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. When considering whether the statement "stepping inside that ambulance is a good $2,000, so you got a deal" was false, deceptive and misleading to an unsophisticated consumer, the court must consider the statement in the context of the entire communication. *See Gonzalez v. Kay*, 577 F.3d 600, 607 (5th Cir. 2009) ("We do not construe the disclaimer in isolation but must analyze whether the letter is misleading as a whole."). The representative's statement that Mr. Reed "got a deal" was in response to Mr. Reed asking for the representative's opinion on whether she thought $1,500 for an ambulance ride was reasonable. Importantly, the representative made clear that the debt owed was $1,556.53, not $2,000. Because RRS did not misrepresent the amount of debt Mr. Reed owed and because the "you got a deal" comment was in response to Mr. Reed soliciting an opinion, the district court properly concluded that this statement does not offend § 1962e.

Next, the "one way or another" comment did not violate §§ 1692d, 1692e, or 1692f. Mr. Reed submits that this statement is untrue, constitutes a threat to take action that RRS cannot legally take or that RRS does not intend to take, so it is deceptive or misleading to the unsophisticated consumer because it implies that RRS will extract the debt through extra-judicial or illegal actions. Indeed, when read in context, the comment is neither hostile nor threatening, and RRS did, in fact, pursue other options to recover the debt after the February 17 phone call. Accordingly, the district court appropriately determined this statement did not violate §§ 1692e(5), 1692d(1)-(2), or 1692f.

No. 17-30414

The approximately 14 phone calls—six of which were not answered and about the same amount were answered but the person answering hung up—over five weeks likewise did not violate the FDCPA. The district court did not err in reasoning that no jury could find that these few phone calls, which stopped immediately upon RRS receiving the cease and desist letter, constituted abuse or harassment. 15 U.S.C. § 1692(d); *see e.g.*, *Karp v. Fin. Recovery Servs., Inc.*, No. 12-985, 2013 WL 6734110, at *6 (W.D. Tex. Dec. 18, 2013) (finding that six calls over a two-week period did not establish intent to harass); *Bell v. CSD Collection Specialist*, No. 11-280, 2013 WL 311841, *3 (M.D. La. Jan. 25, 2013) (holding that that debt collector's five calls to plaintiff on four days over a 13-day period did not raise a genuine issue of material fact regarding whether the debt collector harassed debtor).

Finally, LUTPA affords a cause of action to any person "who suffers any ascertainable loss of money or movable property . . . as a result of the use or employment by another person of an unfair or deceptive method, act, or practice." LA. STAT. ANN. § 51:1409A (2006). The record is void of evidence that Mr. Reed has suffered any loss as a result of RRS's collection efforts. His claim must fail as a matter of law. *See id.*

Accordingly, the district court is AFFIRMED.