# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2021

Lyle W. Cayce
Clerk

No. 19-30595
Summary Calendar

JAMES THOMPSON,

*Plaintiff—Appellant*,

*versus*

KENNETH HEDRICK, *Individually and as Concordia Parish Sheriff*;
DEPUTY SHERIFF BROWN, *Individually and as Concordia Parish Deputy
Sheriff*; DEPUTY SHERIFF BROCK, *Individually and as Concordia Parish
Deputy Sheriff*; DEBORAH COWAN, *Individually and as Concordia Parish
Deputy Sheriff, incorrectly named as Deborah Towan*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CV-982

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-30595

James Thompson challenges the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal of his claims filed pursuant to 42 U.S.C. § 1983 against Concordia Parish Sheriff Hedrick and Deputy Sheriffs Brown, Brock, and Cowan. (He does not contest dismissal without prejudice of his supplemental state-law claims.) Thompson's claims arose from a heart attack suffered while an inmate at the Concordia Parish, Louisiana, Work Release Facility. His challenge fails.

Thompson claims defendants are liable in their official and individual capacities for violating their duty under the Eighth Amendment to provide him medical care throughout his 90-day sentence. He asserts he was released from detention shortly after his hospitalization and stent surgery for his heart attack—but before expiration of his sentence—on account of a cost-saving policy of providing "cheap" medical care to inmates. Thompson maintains the court erred: in dismissing his claims pursuant to § 1983 against Sheriff Hedrick for the implementation of an unconstitutional policy and for failure to train; and in concluding Deputy Sheriffs Brown and Brock were entitled to qualified immunity.

Claims may be dismissed under Rule 12(b)(6) if plaintiff fails to allege facts that, if accepted as true, would entitle him to relief. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) dismissal is reviewed *de novo*, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to . . . plaintiff[]". *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted). In that regard, dismissal based on qualified immunity is reviewed *de novo*. *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013).

To state a claim pursuant to § 1983, plaintiff must "(1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person

acting under color of state law". *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).

As an inmate, Thompson had a clearly established Eighth Amendment right not to be denied, by deliberate indifference, attention to his serious medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). A prison official acts with deliberate indifference only if "the official knows of and disregards an excessive risk to inmate health or safety". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Thompson does not address the court's concluding he failed to state a claim pursuant to § 1983 against Sheriff Hedrick, in his official capacity as a municipal policymaker, because Thompson: failed to allege he was denied medical care on account of his early release or required any follow-up care after his hospital discharge; had no constitutional right to free medical care; and, upon his discharge, was free to pursue such care if necessary. Thompson's failure to assign error to the court's reasons for dismissal renders his claim inadequately briefed and, thus, waived. *See* Fed. R. App. P. 28(a)(8)(A); *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) ("a failure to brief . . . constitutes waiver"). Nevertheless, Thompson's original and supplemental and amending complaints reveal he did not plead facts showing the complained-of policy had been applied in a widespread fashion or that it caused him to be denied medical care in violation of the Eighth Amendment. *See Peña v. City of Rio Grande*, 879 F.3d 613, 622 (5th Cir. 2018) ("[P]lausibly to plead a practice so persistent and widespread as to practically have the force of law, . . . plaintiff must do more than describe the incident that gave rise to his injury") (internal quotation marks and citation omitted).

Thompson similarly does not address the court's dismissing his failure-to-train claim against Sheriff Hedrick, in his individual capacity, because Thompson's complaint failed to allege with specificity how the

training program was defective.  A failure-to-train claim pursuant to § 1983 requires: a failure to train or supervise the officers involved; a causal connection between the alleged failure to supervise or train and the claimed violation of plaintiff's rights; and the failure to train or supervise constituted deliberate indifference to plaintiff's constitutional rights.  *Id.* at 623. Thompson simply states the premature release of inmates to conserve medical costs "also shows a lack of training".  His contention is abandoned because it "does not extend beyond [a] conclusory assertion".  *See Garrido-Morato v. Gonzales*, 485 F.3d 319, 321 n.1 (5th Cir. 2007).

Regarding Thompson's qualified-immunity challenge, he must allege a constitutional violation that was "clearly established so that the government official would have known [he] was violating the law".  *Romero v. Brown*, 937 F.3d 514, 519 (5th Cir. 2019).  Thompson contends qualified immunity should not apply to Deputy Sheriffs Brown, Brock, and Cowan because:  Thompson was illegally released from his sentence; and Deputy Sheriff Cowan failed to obtain the correct blood pressure medication or ensure Thompson was seen by a physician after complaints of a loss of breath, numbness, and headache.

The facts pleaded regarding Deputy Sheriffs Brown and Brock do not state an Eighth Amendment violation—they do not allege a wanton disregard for any serious medical need.  *See Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) ("Deliberate indifference is an extremely high standard to meet.").  By failing to sufficiently allege a constitutional deprivation, Thompson does not overcome the assertion of qualified immunity.

Additionally, Thompson fails to mention in his opening brief that Deputy Sheriff Cowan was dismissed from the action pursuant to Federal Rule of Civil Procedure 41(b) on account of Thompson's failure to effect

proper service.  Instead, for the first time in his reply brief, he contends the court abused its discretion by dismissing Deputy Sheriff Cowan. Thompson's failure to raise the issue of Deputy Sheriff Cowan's dismissal in his opening brief renders it waived.  *See CenturyTel of Chatham, LLC v. Sprint Commc'ns Co., L.P.*, 861 F.3d 566, 573 (5th Cir. 2017) (applying the general rule that issues raised for the first time in a reply brief will not be considered on appeal).

AFFIRMED.