# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued April 12, 2016          Decided July 26, 2016

No. 15-7013

TAWANDA JONES,
APPELLANT

v.

DAVID SEAN DUFEK, SR. AND CACH, LLC,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cv-00533)

*Radi Dennis* argued the cause and filed the briefs for appellant.

*Manuel H. Newburger* argued the cause for appellees. On the brief was *Mikhael D. Charnoff*.

Before: HENDERSON and KAVANAUGH, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*: Tawanda Jones owed $1,050.29 to Bank of America. Bank of America sold the debt

to CACH, LLC. That company hired the Law Office of David Sean Dufek in San Diego, California, to help it collect on the debt. In 2013, Dufek sent Jones the following letter:

Dear TAWANDA JONES,

This office has been retained to collect the debt owed by you to CACH, LLC.

As of the date of this letter you owe the sum of $1,050.29. Because of interest, late charges and other charges that may vary from day to day the amount due on the day you pay may be greater.

You are hereby advised: Unless you, the consumer, notify this office within thirty days after receipt of this notice that you dispute the validity of this debt or any portion thereof, the debt will be assumed to be valid by this office. If you, the consumer, notify this office in writing within thirty days after receipt of this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within thirty days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please remit your payment to:  David Sean Dufek
                                                    [Address]

If you would like to make a payment online, please visit our website: [website URL]

Please call our office. The toll free number is [telephone number].

Sincerely,
[Signature]
Attorney David Sean Dufek

Please be advised that we are acting in our capacity as a debt collector and at this time, no attorney with our law firm has personally reviewed the particular circumstances of your account.

**Be advised this is an attempt to collect a debt. Any information obtained will be used for that purpose.**

The letter appeared entirely on one sheet of letterhead captioned at the top with the words "Law Office of David Sean Dufek." The text of the letter, as well as the disclaimers below the signature block, were in the same readable font and size.

Jones alleges that this letter was deceptive and violated three statutes: the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; the District of Columbia Consumer Protection Procedures Act, D.C. CODE § 28-3901 *et seq.*; and the District of Columbia Debt Collection Law, D.C. CODE § 28-3814 *et seq.* She relies on different sections of each of these statutes, but there is one basic argument underlying all of her claims: that the letter falsely implies both that Dufek is meaningfully involved with the case as an attorney and that the creditor is threatening to bring a lawsuit to collect the debt. We disagree. The letter does not threaten any legal action, and the prominent disclaimer made clear that Dufek was acting only in his capacity as a debt collector.

Section 1692e of the Fair Debt Collection Practices Act prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. One such "representation or means" is a "false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). At first glance this section seems inapplicable. Dufek is an attorney, and reporting that fact cannot be a "false representation."[1] *Id.* But courts that have considered this question – ours is not among them – have held that "some degree of attorney involvement is required before a letter will be considered 'from an attorney' within the meaning of the [federal act]." *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 301 (2d Cir. 2003); *see also Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009). That means that if an attorney is acting only as a debt collector and has not formed a legal opinion about the case, he or she cannot send a letter implying otherwise. In other words, when attorneys attempt to collect a debt, they cannot mislead debtors about their "level of involvement" in the case. *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 364 (2d Cir. 2005).

The district court decided Jones's claims on a motion for judgment on the pleadings under Rule 12(c), a decision we review *de novo*. *See Mpoy v. Rhee*, 758 F.3d 285, 287 (D.C. Cir.

---

[1] Jones has belatedly tried to contest certain historical facts, including whether Dufek himself sent the letter and whether Dufek exists at all. These additional claims largely rehash Jones's main argument that Dufek misrepresented his involvement in the case. To the extent these claims differ from that overarching argument, Jones did not raise them in the district court and we will not consider them now. *See Anglers Conservation Network v. Pritzker*, 809 F.3d 664, 671 n.6 (D.C. Cir. 2016).

5

2014). Applying a "least sophisticated consumer standard,"[2] the court found that the letter did not misrepresent the extent of Dufek's involvement in the case, and we agree. *See Jones v. Law Office of David Sean Dufek*, 77 F. Supp. 3d 134, 138, 140 (D.D.C. 2015). Dufek was an attorney acting as a debt collector, and the letter said precisely that. No one at his law office had reviewed the case. Again, the letter so stated.

Jones argues that using the title "attorney" in the letterhead and signature block impermissibly implies that an attorney has evaluated the case from a legal standpoint. Appellant Br. 31-32; *see Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996). This boils down to the argument that under the federal act, attorneys cannot act as debt collectors unless they conceal the fact that they are attorneys. But this is not the theory of the Fair Debt Collection Practices Act. The Act assumes that attorneys may collect debts so long as they do not mislead debtors. *See Greco*, 412 F.3d at 364.

[2] In evaluating whether a collection letter is deceptive, some courts have applied a "least sophisticated consumer" standard, *see, e.g.*, *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993), and others have applied an "unsophisticated consumer" standard, *see, e.g.*, *Gammon v. GC Servs. Ltd.*, 27 F.3d 1254, 1257 (7th Cir. 1994). The term "unsophisticated" is probably more accurate because the "least sophisticated" consumer is "not merely 'below average,' he is the very last rung on the sophistication ladder," and "would likely not be able to read a collection notice with care (or at all), let alone interpret it in a reasonable fashion." 27 F.3d at 1257. In practice, "least sophisticated" and "unsophisticated" appear to be the same. Under either conception, the basic goal is to prevent debt collectors from deceiving naive consumers, but not to hold collectors liable simply because their letters may be deceptive under "bizarre or idiosyncratic consumer interpretations." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

Attorneys who collect debts therefore must not falsely represent or imply that they have formed a legal opinion regarding the debtor's liability. Here, Dufek included a conspicuous disclaimer describing his involvement in the matter. The letter did not threaten any legal action "that [could not] legally be taken or that [was] not intended to be taken." 15 U.S.C. § 1692e(5). The letter made no reference to legal action. *See Brown v. Card Serv. Ctr.*, 464 F.3d 450, 451 (3d Cir. 2006) ("Refusal to cooperate could result in a legal suit being filed for collection of the account."); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993). The letter did not give any indication about what the creditor might do if Jones failed to pay the debt. It simply said that Jones owed a debt and that she should send her payment to Dufek's office. The only future consequence the letter discussed was the statutorily required disclosure that if Jones did not dispute the debt's validity within thirty days, Dufek's office would presume that it was valid. *See* 15 U.S.C. § 1692g(a)(3).

Here again, Jones falls back on the idea that using the "attorney" title is enough to constitute an implicit threat of legal action. But lawyers do more than just file lawsuits. Sometimes, they try to collect debts, and the Fair Debt Collection Practices Act does not prohibit them from doing so. The fact that an attorney was involved in collecting Jones's debt does not mean that the collection attempt constituted a threat to take legal action.[3]

---

[3] Jones also alleged that Dufek misrepresented that he "was authorized to take legal action against consumers in the District of Columbia, because Dufek is a California law firm not licensed to practice law in the District of Columbia." *Jones*, 77 F. Supp. 3d at 138. But Dufek's letter said nothing about his intention or authority to file a lawsuit.

Jones criticizes the letter's disclaimer for stating only that no attorney had reviewed the case "at this time." Appellant Br. 42. According to Jones, these words imply that at some future time, an attorney may review the case and file a lawsuit. That may be so. But the federal act prohibits only *threats* to take legal action; merely leaving open the possibility of attorney review that could lead to legal action does not fit the bill.

The disclaimer Dufek included is commonly known as a "*Greco* disclaimer," *see, e.g.*, *Luftig v. Sokoloff*, No. 13-CV-4313, 2015 WL 151463, at *1 n.1 (E.D.N.Y. Jan. 13, 2015), because it tracks language the Second Circuit approved in *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360 (2d Cir. 2005). The collection letter in *Greco* stated: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due." 412 F.3d at 361. The Second Circuit held that this language was sufficient to "make clear . . . that the law firm or attorney sending the letter [was] not, at the time of the letter's transmission, acting as an attorney." *Id.* at 364.

Since *Greco*, many circuits have agreed that a prominent and clear disclaimer stating that an attorney is acting as a debt collector is enough, but a hidden or confusing disclaimer is not. *See, e.g.*, *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011); *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 1002-03 (3d Cir. 2011); *Gonzalez v. Kay*, 577 F.3d 600, 606 (5th Cir. 2009); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 439 (6th Cir. 2008). Jones argues that the disclaimer in Dufek's letter was "obscured" because it followed the signature block rather than appearing in the body of the letter. Appellant Br. 14. But there is no relevant difference we perceive between a disclaimer in the body of the letter before the signature block and one after the signature

block.  Dufek's disclaimer was in the same font and size as the body of the letter, and a portion of it was in bold typeface. *Compare Kistner*, 518 F.3d at 439 ("no disclaimer"); *Gonzalez*, 577 F.3d at 606 ("disclaimer on the back [of the letter]"); *Wilson v. Quadramed Corp.*, 225 F.3d 350, 358 (3d Cir. 2000) (disclaimer in "grey ink on a light shade of grey computer paper, making it difficult to read, and in a type size less than 1/10 [of an inch]"); *see also Campuzano–Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008) ("Even the least sophisticated debtor is bound to read collection notices in their entirety.").  We do not mean to imply that a disclaimer must be in the same font and size as the body of the letter, but the fact that it was in this case further indicates that this disclaimer was not hidden.

Jones's argument focuses on § 1692e(3) and (5) of the federal act, which deal with attorney involvement and threats of legal action.  In passing, she invokes several other sections containing general prohibitions against deception, unfairness, and false representations in connection with debt collection.[4]  She offers no separate arguments in support of these claims.  Instead, she simply says that because the letter falsely implied than an attorney was involved and threatened legal action, the letter was *a fortiori* deceptive and unfair in a general sense.  We

---

[4] In addition to 15 U.S.C. § 1692e(3) and (5), Jones relies on § 1692e(2)(A) (prohibiting "[t]he false representation of . . . the character, amount, or legal status of any debt"); § 1692e(10) (prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"); § 1692j(a) (prohibiting the use of forms that create "the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt"); and § 1692f (prohibiting "unfair or unconscionable means to collect or attempt to collect any debt").

have held that the letter did not contain any such false implications or threats, so we reject the remainder of her arguments under the federal act.

We dispose of her claims under the District of Columbia statutes on similar grounds. Jones argues that Dufek and CACH violated the D.C. Consumer Protection Act, which protects "any consumer" from misrepresentation, misleading omissions, and other "[u]nlawful trade practices." D.C. CODE § 28-3904. But here too, Jones relies entirely on her allegations that the letter falsely implied that an attorney was involved and that the defendants were threatening a lawsuit. In their briefs, the parties argue at length about certain threshold issues – in particular, whether Jones is a "consumer" or debt collection is a "trade practice." The district court concluded that the D.C. Act did not apply because "a loan of money is not a purchase or lease of goods or services." *Jones*, 77 F. Supp. 3d at 139 (italics omitted). The court's interpretation may be incorrect; the D.C. Act states specifically that "goods and services . . . includes consumer credit . . .." D.C. CODE § 28-3901(a)(7). However, even if the court erred, its mistake was not fatal. The district court's interpretation was only an "additional reason" that Jones's claims under the Consumer Protection Act fail. *Jones*, 77 F. Supp. 3d at 139. Even if the Act applied, it would not help Jones because the letter did not falsely imply attorney involvement or threaten a lawsuit. We therefore affirm the district court's dismissal of this claim without reaching the court's interpretation of the scope of the Consumer Protection Act.

The other consumer statute Jones invokes – the D.C. Debt Collection Law – largely mirrors the language of the Fair Debt Collection Practices Act. *Compare* D.C. CODE § 28-3814(f) (prohibiting "any fraudulent, deceptive, or misleading representation or means to collect or attempt to collect claims or

to obtain information concerning consumers") *with* 15 U.S.C. § 1692e(10) (prohibiting "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"). Jones has not argued that this D.C. law gives her any more protection than the federal act. We therefore affirm the district court's dismissal of Jones's claim under that law as well. The district court discussed the Debt Collection Law only briefly, *see Jones*, 77 F. Supp. 3d at 137-38, likely because separate analysis of that law would have been largely redundant. This was entirely proper; a "court is not required to state findings or conclusions when ruling on a motion under Rule 12." FED. R. CIV. P. 52(a)(3).[5]

The district court properly resolved these questions as a matter of law on a motion under Rule 12(c). *See Jones*, 77 F. Supp. 3d at 137. We agree that no reasonable juror could find the letter deceptive. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see also, e.g.*, *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993) ("[T]he standard courts apply for summary judgment and for judgment on the pleadings 'appears to be identical.'") (quoting 5A CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368 at 530 (1990)). As the Fifth Circuit put it, "There are some letters that, as a matter of law, are not deceptive . . .." *Gonzalez*, 577 F.3d at 606.

One extraneous matter remains. While their Rule 12(c) motion was awaiting a ruling, the defendants filed a motion for a protective order under Rule 26(c) to stop Jones from issuing "unauthorized discovery requests." A month later, the court

---

[5] Because the district court properly found that Jones's claims fail on their merits, it also denied her motion for class certification as moot. *See Thomas v. Knight*, No. 03-7041, 2003 WL 22239653, at *1 (D.C. Cir. Sept. 24, 2003).

denied this motion in a Minute Order. *See* Minute Order denying Motion to Quash, No. 1:14-cv-00533-RJL (D.D.C. Sept. 7, 2014). In response, Jones moved for attorneys fees under Federal Rule of Civil Procedure 26(c)(3). This rule incorporates Rule 37(a)(5) and states that if the court denies a motion for a protective order, the court "must, after giving an opportunity to be heard, require the movant . . . to pay" the opposing party's expenses and attorney's fees. Rule 37(a)(5) also states that "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(B).

District courts have "considerable discretion" to manage discovery. *United States v. Philip Morris Inc.*, 347 F.3d 951, 955 (D.C. Cir. 2003). In particular, courts "possess broad discretion to impose sanctions for discovery violations under Rule 37." *Parsi v. Daioleslam*, 778 F.3d 116, 125 (D.C. Cir. 2015). In 1970, Rule 37 was amended and the section for awarding attorney's fees was rephrased in mandatory terms – the court "must" grant attorney's fees under certain conditions and "must not" grant them under others. FED. R. CIV. P. 37(a)(5)(B). The conditions are fairly vague, particularly the catch-all term that the court must not grant fees if doing so would be "unjust." *Id.* The advisory committee explained that this amendment did "not significantly narrow the discretion of the court" to award attorney's fees for discovery violations. FED. R. CIV. P. 37 advisory committee's notes to 1970 amendments; *see Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978).

The district court did not explicitly deny the motion for attorney's fees. Its failure to award fees may be taken as a denial of the motion. Rule 37(a)(5) states that under certain circumstances, the court "must not order this payment," and that is what the court did. FED. R. CIV. P. 37(a)(5); *see also* FED. R.

CIV. P. 52(a)(3). The district court did not abuse its discretion in coming to this decision. Jones's counsel had asked for $29,241 for sixty-five hours of work on this discovery issue.[6] The court had discretion to find that this award would be excessive and therefore "unjust." In upholding the district court's refusal to grant Jones's motion, we are mindful that Rule 26(c)(3) is meant to prevent needless litigation and wasteful discovery disputes. Requiring still further proceedings in this case would not be consistent with that objective.

Accordingly, we affirm the district court's judgment.

*So ordered.*

---

[6] Jones's counsel initially asked for $22,761 for fifty-six hours of work, but later increased that figure by nearly 30% for the additional nine hours of work required to respond to Dufek's opposition to paying attorney's fees. *Compare* Motion for Attorney Fees at 8, No. 1:14-cv-00533-RJL (D.D.C. Sept. 15, 2014), ECF No. 28; *with* Errata Reply to Defendant's Opposition to Motion for Attorney Fees at 7, No. 1:14-cv-00533-RJL (D.D.C. Oct. 14, 2014), ECF No. 31.