# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 22-7022**

**September Term, 2022**

FILED ON: MAY 19, 2023

SHARON MICHAELS,
            APPELLANT

v.

NCO FINANCIAL SYSTEMS INC, ET AL.,
            APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-cv-01339)

Before: PILLARD, KATSAS, and RAO, *Circuit Judges*.

## J U D G M E N T

The Court has considered this appeal on the record from the district court and on the parties' briefs and oral argument. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED** that the judgment of the district court be **AFFIRMED**.

In 2007, Sharon Michaels took out a student loan from JPMorgan Chase Bank. JPMorgan sold the loan to National Collegiate Funding, LLC, which then sold it to the National Collegiate Student Loan Trust 2007-4. In 2014, after Michaels allegedly defaulted on the loan, NCO Financial Systems, a loan subservicer for the Trust, engaged the law firm Mitchell Rubenstein & Associates to file a collection action against Michaels on behalf of the Trust. Another law firm, Dominion Law Associates, also represented the Trust during the pendency of the collection action. The parties ultimately agreed to dismiss the collection action with prejudice.

In 2016, Michaels sued NCO and its successor Transworld Systems, as well as Mitchell Rubenstein and Dominion. Michaels alleged various statutory and common-law claims based on

the defendants' actions during the collection action, as well as one distinct claim based on a collection letter sent by Dominion.

The district court granted summary judgment to NCO, Transworld, and Mitchell Rubenstein on all claims filed against them. The court then certified its judgment for immediate appeal under Federal Rule of Civil Procedure 54(b). We affirm.

To begin, the Fair Debt Collection Practices Act claims before us are either time-barred or meritless. The FDCPA contains a one-year statute of limitations. 15 U.S.C. § 1692k(d). Because Michaels filed this suit on June 27, 2016, only FDCPA violations that occurred on or after June 27, 2015, are actionable. But Michaels fails to explain how any of the appellees violated the FDCPA after that date. She points to the filing of the debt collection lawsuit against her in 2014, but any claim based on that is time-barred. She also points to a June 29, 2015 collection letter that Dominion mailed directly to Michaels while she was represented by counsel. But she fails to assert any basis to hold the other defendants vicariously liable for Dominion's action. And her claims against Dominion are not presently before this Court.

In response, Michaels urges a discovery rule for accrual of FDCPA claims, but the Supreme Court rejected that position in *Rotkiske v. Klemm*, 140 S. Ct. 355, 360–61 (2019). Michaels further argues that the mere pendency of the collection action established a continuing FDCPA violation so as to extend the limitations period. Courts have uniformly rejected that position as well. *See*, *e.g.*, *Bouye v. Bruce*, 61 F.4th 485, 492 (6th Cir. 2023). Finally, Michaels argues for equitable tolling based on fraudulent concealment. But even if the FDCPA allows for such tolling, a question we do not answer, Michaels produced no evidence that any defendant fraudulently concealed information material to her claims. *Sprint Commc'ns Co. v. FCC*, 76 F.3d 1221, 1226 (D.C. Cir. 1996).

Michaels also alleges parallel claims under the District of Columbia Debt Collection Law, which "largely mirrors" the FDCPA. *Jones v. Dufek*, 830 F.3d 523, 528 (D.C. Cir. 2016). The DCDCL prohibits collecting a debt by any deceptive or unfair means. D.C. Code § 28-3814(f), (g). When this case arose, the DCDCL afforded a private right of action for willful violations. *Id.* § 28-3814(j)(1) (2012). Some courts have held that willful violations include knowing and reckless ones, *e.g.*, *Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 174 F. Supp. 3d 146, 153 (D.D.C. 2016), though we have reserved that question, *see Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 857 F.3d 939, 952 (D.C. Cir. 2017). We need not decide it here because Michaels offers no evidence that NCO, Transworld, or Mitchell Rubenstein willfully violated the statute under any possible standard of willfulness.

Michaels' claims under the District of Columbia Consumer Protection Procedures Act fare no better. This Court has held that the CPPA "applies only to consumer-merchant relationships" and so does not extend to claims by debtors against debt collectors who do not work for the original creditor. *Baylor*, 857 F.3d at 948; *see also Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 280

(D.D.C. 2011) (CPPA does not apply to claims by debtors against loan servicers). Because Michaels did not hold a consumer-merchant relationship with any defendant, she has no claim under the CPPA.

Michaels' abuse-of-process claims fail because she proffered no evidence of an improper use of process or extra-legal end. These claims require proof that process was "used to accomplish an end not regularly or legally obtainable." *Bown v. Hamilton*, 601 A.2d 1074, 1080 (D.C. 1992). Absent such a showing, even frivolous litigation does not amount to abuse of process under D.C. law. *See Kopff v. World Rsch. Grp., LLC*, 519 F. Supp. 2d 97, 100 (D.D.C. 2007); *Bannum, Inc. v. Citizens for a Safe Ward Five, Inc.*, 383 F. Supp. 2d 32, 46–47 (D.D.C. 2005).

Finally, Michaels' malicious-prosecution claims fail for lack of any special injury, which is "injury over and above the ordinary costs of litigation." *Nader v. Democratic Nat'l Comm.*, 567 F.3d 692, 697 (D.C. Cir. 2009). Emotional distress, reputational harm, and loss of income do not constitute a special injury. *See Joeckel v. Disabled Am. Veterans*, 793 A.2d 1279, 1282 (D.C. 2002). Because Michaels produced no evidence that she had been subjected to anything more than normal litigation expenses and emotional distress, her malicious-prosecution claims are without merit.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

3