# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20691
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2018

Lyle W. Cayce
Clerk

RICARDO ENRIQUEZ SANCHEZ,

Plaintiff-Appellant

v.

LORIE DAVIS; SENIOR WARDEN JONES; STAFF OFFICER PITTMAN,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2688

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Ricardo Enriquez Sanchez, Texas prisoner # 1745089, appeals the dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1) and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. We review both rulings *de novo*. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "Factual allegations must be enough to raise a right

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20691

to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff may avoid dismissal if he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Enriquez Sanchez's complaint arises from an accident that occurred while he was working in the textile factory at the Huntsville Unit.  He maintains that Staff Officer James Pittman, the supervisor of the factory, was deliberately indifferent because he ordered Enriquez Sanchez to work despite complaints of heel pain, refused to let Enriquez Sanchez visit the infirmary, advised Enriquez Sanchez that he would be charged with a disciplinary infraction if he refused to work, and failed to provide Enriquez Sanchez with proper safety equipment and training.  Enriquez Sanchez concedes, however, that he had visited the infirmary on the morning of the accident and that he had not been given a medical pass excusing him from work.  He therefore is unable to show that Pittman evinced deliberate indifference to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994).  To the extent that Enriquez Sanchez alleged a claim of an unsafe work environment in the district court, his conclusory allegations were insufficient to establish that he was entitled to relief.  *See Iqbal*, 556 U.S. at 679.

In addition, Enriquez Sanchez seeks to hold Pittman liable for deficiencies in his medical care after the accident, for limitations on his ability to visit the law library or to engage in recreation at other units, and for the loss

of his personal and legal property during his many prison transfers.  However, he has not shown that Pittman was personally responsible for any of these acts, and he thus may not be held liable under Section 1983.  *See James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008).  Similarly, Lorie Davis, the director of the Correctional Institutions Division of the Texas Department of Criminal Justice, and Warden Jones may not be held liable for the actions of their subordinates that led to Enriquez Sanchez's alleged constitutional violations.  *See Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 286 (5th Cir. 2002).

Enriquez Sanchez further maintains that he is entitled to relief under the Americans with Disabilities Act (ADA), based on his assertions that after he suffered a broken leg and hand in the textile factory accident, he was impeded from attending medical appointments.  In his reply brief, he argues that, under the ADA, he should not have been required to work in the textile factory in light of his ongoing heel pain, asthma, and migraines.  As the district court found, Enriquez Sanchez has failed to establish that he had "a qualifying disability" or that he had been "denied the benefits of services, programs, or activities for which the [prison system] is responsible."  *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011); *see also Burch v. Coca-Cola Co.*, 119 F.3d 305, 316 (5th Cir. 1997).

For the first time on appeal, Enriquez Sanchez contends that he is suffering from discrimination because he is a Mexican national housed in the Texas prison system.  We decline to consider this new theory of relief.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).  In addition, Enriquez Sanchez's claims for injunctive relief have been rendered moot by his transfer out of the Huntsville Unit.  *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

No. 17-20691

Enriquez Sanchez has not shown that he is entitled to relief. *See, e.g.*, *Gonzalez*, 577 F.3d at 603; *Geiger*, 404 F.3d at 373. Accordingly, the judgment of the district court is AFFIRMED. Enriquez Sanchez's motion for appointment of counsel is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982).